PER CURIAM.
Morris Shelkofsky appeals from an order of the State Retirement Commission dismissing with prejudice his reapplication for in-line-of-duty disability benefits as barred by res judicata. Because the doctrine of res judicata does not operate to bar all of the claims raised by the appellant, we reverse.
On September 30, 2003, the appellant reapplied for in-line-of-duty disability benefits based upon “new medical evidence” that was not considered by the Commission in the initial proceeding. He also asserted that due to his now eleven years of creditable service, his application also *506 should be considered for regular disability benefits.
The sole issue raised by the 2001 application was whether the appellant was eligible for permanent and total disability benefits as a result of an in-line-of-duty accident or injury. The Commission concluded that the appellant’s disability arose primarily from an unrelated accident and denied his request. In doing so, the Commission explicitly did not decide whether the appellant suffered a permanent and total disability. The Commission further determined that the appellant was not vested because he had only eight years of creditable service at the time of the application. See § 121.091(4)(a)1.a., Fla. Stat. (2003) (requiring persons employed between July 1, 1980, and July 1, 2001, to have at least 10 years of creditable service to be vested). This order was affirmed on appeal. Shelkofsky v. State, Div. of Retirement, 846 So.2d 512 (Fla. 1st DCA 2003) (unpublished table opinion).
The Commission properly dismissed the reapplication on res judicata grounds as to the issue of in-line-of-duty benefits. However, the doctrine does not apply to the issues of whether the appellant is currently vested in the retirement system or whether he is permanently and totally disabled.
If an employee is determined to be totally and permanently disabled, but is denied in-line-of-duty disability benefits for other reasons, he shall receive regular disability benefits, if eligible. See Fla. Admin. Code R. 60S-4.007(2)(d)4.b. “A member shall be considered totally and permanently disabled if, in the opinion of the administrator, he or she is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.” § 121.091(4)(b), Fla. Stat. (2003); Fla. Admin. Code R. 60S-4.007(2)(d). Although all indications are that the Commission would have found the appellant was not permanently and totally disabled, the fact remains that this issue has not been decided.
Accordingly, we reverse and remand for the Commission to determine whether the appellant is eligible for regular disability benefits. We affirm without comment all other issues raised by the appellant.
BARFIELD, DAVIS and PADOVANO, JJ., concur.